IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DANIEL CINCOSKI                                                                       PETITIONER

v.                           NO. 5:10CV00341 DPM/HDY

RAY HOBBS, Director of the                                                      RESPONDENT
Arkansas Department of Correction

### FINDINGS AND RECOMMENDATION

#### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge D. P. Marshal Jr. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

RECOMMENDATION

STATE COURT PROCEEDINGS. In December of 2007, petitioner Daniel Cincoski ("Cincoski") pleaded guilty in Washington County, Arkansas, Circuit Court to battery in the second degree. He was sentenced to a term of imprisonment, but the imposition of the sentence was suspended. His probation was later revoked, and, in January of 2009, he was confined in the custody of respondent Ray Hobbs ("Hobbs"), the Director of the Arkansas Department of Correction ("ADC"), where Cincoski remains to this day.

FEDERAL COURT PROCEEDINGS. In July of 2009, Cincoski filed a pro se complaint pursuant to 42 U.S.C. 1983 and joined several medical professionals employed by, or working with, the ADC. See Cincoski v. Richard, 1:09CV00038 SWW. United States Magistrate Judge Joe J. Volpe characterized Cincoski's complaint as follows:

> Pursuant to the screening function of the Prison Litigation Reform Act, 28 U.S.C. 1915(A)(b), the Court initially reviewed [Cincoski's] pleadings to ensure his claims were properly framed for adjudication. The Court notes this file encompasses four volumes of pleadings, including 369 pages of pleadings filed by [Cincoski] before Defendants filed an Answer. Therefore, at the pre-jury evidentiary hearing, the Court made indepth inquiry of [Cincoski] about his claims and the remedies he was seeking. [Cincoski] very explicitly explained his theory of the case was that Defendants' failure to provide him with adequate mental health treatment, including Seroquel, resulted in his inability to control himself or follow orders and report for work assignment as directed by prison officials. Because of the lack of proper mental health treatment and his resulting conduct, [Cincoski] received disciplinary convictions and his time in prison has been extended. By way of a remedy, [Cincoski] seeks a prescription for Seroquel, restoration of his "good time credits" lost because of his disciplinary convictions, and money damages.

<u>See</u> Document 12, Exhibit E at 2-3. In August of 2010, Judge Volpe recommended that Cincoski' complaint be dismissed without prejudice. Judge Volpe offered the following reasons for so recommending:

> The instant claim is barred by the United States Supreme Court's decision in <u>Preiser</u>, which held that a habeas proceeding is the exclusive federal remedy for challenging the duration of a prison terms. …
>
> Even though [Cincoski] also seeks compensatory and punitive damages for the alleged deliberate indifference to his serious medical needs, those claims are similarly barred by <u>Heck</u> and <u>Edwards</u>. Upon close review of [Cincoski's] Complaint, the Court concludes that any judgment in his favor on validity of his disciplinary convictions and loss of good-time credit claims would necessarily raise doubts about the validity of his current release date and the proper duration of his confinement. …
>
> Accordingly, the Court finds that [Cincoski's] action should be dismissed without prejudice at this time, because his civil rights claims will not arise, if at all, "until [he] has successfully challenged that discipline through habeas or some other proceeding." …

<u>See</u> Document 12, Exhibit E at 8. In a footnote accompanying the concluding paragraph, Judge Volpe noted the following:

> To properly challenge his disciplinary conviction and the loss of his good time credits, a plaintiff could file, in the state chancery or circuit court where he or she is incarcerated, a petition for a *writ of mandamus* under ARK. CODE ANN. 16-115-101 et seq., or a petition for a declaratory judgment under ARK. CODE ANN. 16-111-101 et seq. <u>See</u> <u>Graham v. Norris</u>, 10 S.W.3d 457 (Ark. 2000); <u>Duncan v. State</u>, 987 S.W.2d 721 (Ark. 1999). If the trial court does not grant the requested relief, the next recourse would be to appeal to the Arkansas Supreme Court. If the Arkansas Supreme Court affirms the trial court's ruling, then a petition for a *writ of habeas corpus* could be filed in federal court.

<u>See</u> Document 12, Exhibit E at 8.  United States District Judge Susan Webber Wright adopted Judge Volpe's recommendation in October of 2010 and dismissed Cincoski's complaint without prejudice.[1]

Cincoski commenced the proceeding at bar by filing a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 in November of 2010.  In that submission, he did not challenge the conviction for which he is presently incarcerated.  Instead, a liberal construction of his petition indicates that it is remarkably similar in nature to the complaint he filed in 1:09CV00038.  Cincoski specifically appears to raise the following claims in the petition at bar:

1) he is being subjected to cruel and unusual punishment because ADC officials refuse to treat his mental illness;

2) his opportunity to obtain good time credits and his parole eligibility are being adversely impacted by the failure of ADC officials to treat his mental illness, an illness that prevents him from fully complying with the directives of ADC officials and has caused him to receive disciplinaries for his lack of compliance;

3) he is being denied medical attention, kept in punitive isolation, and denied meaningful access to the court because of his mental illness and in retaliation for his failure to comply with the directives of ADC officials; and

4) he is being "brainwashed" by ADC officials.  <u>See</u> Document 1 at 13.

---

[1] In January of 2011, Cincoski filed a notice of appeal in 1:09CV00038 SWW.  That appeal is ongoing.

The prayer for relief portion of Cincoski's petition is not a model of clarity. He appeared to request, <u>inter alia</u>, the following: a mental health examination, appropriate medication, the restoration of his good time, and release on parole.

Hobbs maintained in response that Cincoski's petition should be dismissed. Hobbs so maintained because Cincoski's petition does not allege facts sufficient to support his claims. Alternatively, Hobbs maintained that Cincoski's claims are not cognizable in a petition pursuant to 28 U.S.C. 2254 but are instead more appropriate in a complaint pursuant to 42 U.S.C. 1983. Alternatively, Hobbs maintained that Cincoski cannot now challenge the only disciplinary he specifically identified in his petition because his challenge is more than one year after the disciplinary was imposed. Hobbs last maintained that Cincoski may, "independent of federal habeas, still attempt to seek collateral review of the disciplinary action in state court." <u>See</u> Document 12 at 4.

Cincoski filed a lengthy reply. In that submission, he reiterated that he is seeking the restoration of his good time credits and his release on parole. He also made several other assertions, including the assertion that he has not been given credit for 169 days of jail time. His reply was enlightening for one other reason; he acknowledged having filed another <u>pro se</u> complaint pursuant to 42 U.S.C. 1983 in which he joined several individuals who allegedly have involvement in the treatment of his mental health problems. <u>See</u> <u>Cincoski v. Burl</u>, 2:10CV00188 DPM. In that complaint, he alleged that the defendants have been deliberately indifferent to his serious mental health needs.

PRELIMINARY MATTERS. Before addressing the parties' assertions, the undersigned addresses two preliminary matters. First, even though Cincoski is not challenging the conviction for which he is presently incarcerated, the petition at bar is correctly construed as one pursuant to 28 U.S.C. 2254. That statute is "the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the … execution of his sentence." See Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003) [quoting 28 U.S.C. 2254(a)] (challenge to parole eligibility).

Second, not all of Cincoski's claims can even be considered in a petition pursuant to 28 U.S.C. 2254. One or more of his claims involve challenges to his conditions of confinement, e.g., ADC officials refuse to treat his mental illness. Those types of claims must be raised in a complaint pursuant to 42 U.S.C. 1983. In this proceeding, the undersigned can only consider the claims challenging the fact or duration of his continued incarceration. See Preiser v. Rodriquez, 411 U.S. 475 (1973).

EXHAUSTION. Hobbs maintains that Cincoski's petition should be dismissed, in part, because he may, "independent of federal habeas, still attempt to seek collateral review of the disciplinary action in state court." See Document 12 at 4. Although Hobbs did not fully develop the assertion in his response, the undersigned finds that he has adequately raised the exhaustion question.[2]

---

2

Even if Hobbs has not, the exhaustion question may be raised sua sponte. See McCartney v. Vitek, 902 F.2d 616 (8th Cir. 1979) (failure to exhaust state remedies may be raised sua sponte by federal court).

The federal habeas corpus statute contains an exhaustion requirement.[3] 28 U.S.C. 2254(b) provides, with two exceptions, that a petition for writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him.[4] 28 U.S.C. 2254(c) provides that a petitioner shall not be deemed to have exhausted the remedies available to him if "he has the right ... to raise, by any available procedure, the question presented." The foregoing requirements are not construed, though, so as to require the filing of futile requests for relief in state court. See Rodgers v. Wyrick, 621 F.2d 921 (8th Cir. 1980). A federal court should defer action only "if there is some reasonable probability that the relief which the petitioner seeks will actually be available to him." See Powell v. Wyrick, 657 F.2d 222, 224 (8th Cir. 1981).

The State of Arkansas has a procedure whereby a state prisoner may challenge the computation of his sentence. The procedure is a request for declaratory judgment and writ of mandamus. See Graham v. Norris, 340 Ark. 383, 10 S.W.3d 457 (2000); Duncan v. State, 337 Ark. 306, 987 S.W.3d 721 (1999). Cincoski was specifically apprised of the procedure, and the advisability of utilizing it, in Judge Volpe's recommendation in 1:09CV00038, but Cincoski never utilized the procedure.

---

[3] "The doctrine of exhaustion prescribes that 'as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.'" See Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995) [quoting Rose v. Lundy, 455 U.S. 509, 515 (1982)].

[4] The two exceptions are: 1) "when there is an absence of available State corrective process," or 2) when circumstance exist that "render such process ineffective to protect the rights of the applicant."

The undersigned knows of no reason why Cincoski cannot raise the claims at bar in a request for declaratory judgment and writ of mandamus and, if the claims are found to be meritorious, why relief cannot be granted by the state courts of Arkansas. His claims involve the correct calculation of his sentence, specifically, the propriety of several disciplinaries he received and his right to credit for 169 days of jail time. In fact, the undersigned is convinced that he must utilize the aforementioned procedure in order to exhaust his remedies. The State of Arkansas has the primary interest in seeing that the judgments of its courts are construed correctly, and the State of Arkansas should be accorded the first opportunity to review the proper calculation of Cincoski's sentence.[5]

RECOMMENDATION. The undersigned recommends that Cincoski's petition be dismissed because he has failed to satisfy the exhaustion requirement; he has a state procedure available to him. All requested relief should be denied, a certificate of appealability should be denied in accordance with Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts, and judgment should be entered for Hobbs.

DATED this ___17___ day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] There are two exceptions to 28 U.S.C. 2254(b), neither of which are applicable in this instance. There is nothing to suggest that requiring Cincoski to file a request for declaratory judgment and writ of mandamus would be futile or that special circumstances exist to negate the exhaustion requirement.